UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALOMA RUBI ORTUNO FLORES, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, Adelanto ICE Processing Center, et al., <br><br> Respondents. | Case No. 5:26-cv-02412-PD <br><br> **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

Paloma Rubi Ortuno Flores ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California.  Dkt. No. 1.  Respondents filed an Answer stating they "are not presenting an opposition argument at this time" and "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter."  Dkt. No. 8 at 2.[1]  Petitioner filed a reply, seeking immediate release.  Dkt. No. 9.

---

[1] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

## I.    Background

The following information is based on the allegations in the Petition, which Respondents do not dispute or oppose.  Petitioner is a native and citizen of Mexico who entered the United States in or around 2023 and was detained by Immigration and Customs Enforcement ("ICE") upon entry.  Dkt. No. 1, Petition ¶ 35.  After ICE determined that Petitioner was not a flight risk or danger to the community, she was released pursuant to ICE check-ins.  *Id.*  Afterward, Petitioner applied for asylum, was granted a work permit, and became lawfully and gainfully employed.  *Id.* ¶ 37.  Petitioner appeared for all hearings in her immigration matter and complied with her ICE check-ins every year since entering the United States.  *Id.* ¶¶ 36–37.

On March 25, 2026, Petitioner's asylum claim was denied and she was ordered removed.  *Id.* ¶ 38.  Petitioner appealed her asylum denial to the Board of Immigration Appeals ("BIA"), and that appeal is currently pending.  *Id.* ¶ 11.  Petitioner claims that a stay of removal is in place.  *Id.*  Petitioner's Automated Case Information on the Executive Office for Immigration Review website reflects that an appeal was filed on April 14, 2026, and no briefing is due at this time.  *See* https://acis.eoir.justice.gov/en/.

On April 14, 2026, Petitioner was re-detained at her ICE check in and then transferred to the Adelanto ICE Processing Center, where she remains detained.  Petition ¶¶ 13, 39.  Petitioner has a U.S. citizen husband and can, in the future, apply for an adjustment of her status through consular processing.  *Id.* ¶ 40.

## II.    Discussion

As an initial matter, Petitioner's timely appeal of her removal order is currently pending before the BIA.  Therefore, her removal order is not administratively final, and she is not detained under 8 U.S.C. § 1231.  *See* 8

U.S.C. § 1231(a)(1)(B)(i) ("The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. . . ."); 8 C.F.R. § 241.1; 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: . . . [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time").

Turning to the merits, the Petition states three claims for relief: (1) a violation of substantive due process under the Fifth Amendment; (2) a violation of procedural due process under the Fifth Amendment; and (3) a violation of the Administrative Procedure Act ("APA"). *See* Dkt. No. 1 at 10–12.

Regarding the procedural due process claim, Petitioner argues that her re-detention without a pre-deprivation hearing violated due process. *Id.* ¶ 55.

## I.  Procedural Due Process Violation

Courts in this District, including this Court, have found that re-detention without notice or a pre-deprivation hearing of a non-citizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Cruz v. Lyons*, No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting TRO ordering release of noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who

had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).  The *Matthews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1.     Private Interest

Petitioner has a substantial liberty interest in maintaining her settled life out of custody.  Petitioner has resided in the United States for over three years since she was released on conditions in 2023.  Petition ¶ 55.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases).  Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

4

According to Petitioner, she has lived in the United States for over three years while complying with her ICE check in requirements.  Petition ¶ 36.  She has a U.S. citizen husband, was gainfully employed, and enjoyed family and community ties.  *Id.* ¶¶ 37, 40, 56.  The Court therefore concludes that—consistent with decisions from this District and others—the Due Process Clause protects Petitioner's substantial interest in maintaining her freedom from confinement.  *See Cruz*, 2025 WL 4051129 at *3; *Yataco*, 2025 WL 4065463, at *1; *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2025 WL 3059549 at * 10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"); *Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319, at *4 (E.D. Cal. Oct. 17, 2025) (same, with respect to "nearly four years" of parole). *See also Manzanarez v. Bondi*, No. 1:25-cv-01536-DC-CKD, 2025 WL 3247258 at *4 (E.D. Cal. Nov. 20, 2025) (same, with respect to "over two years" on an order of release on recognizance).

### 2.     Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the Court finds that "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of her liberty interest absent a pre-detention hearing." *Cruz*, 2025 WL 4051129 at *4.  The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis,* 533 U.S. 678, 697 (2001).  But Petitioner has not been afforded any process to determine whether her detention in fact advances either purpose.

The record before the Court indicates that Petitioner is not a flight risk or danger.  Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a

5

danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at \*6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Further, regardless of the statute that authorized her release, Petitioner's release was predicated on the Government's determination that Petitioner did not present a sufficient danger or flight risk requiring her detention. *See* 8 C.F.R. § 236.1(c)(8) (Government may release a noncitizen under Section 1226 "provided that the alien [] demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"); 8 C.F.R. § 212.5 (permitting release on parole under Section 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk nor a risk of absconding").

Therefore, based on this record, the Court concludes that there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

### 3.    Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at \*4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" *Sun*, 2025 WL 2730235, at

*6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews,* 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that the Government's lack of constitutionally adequate procedures has resulted in her unnecessary detention, and the Government's interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process.

## II.   Conclusion

The Petition is granted in part. Count Two of the Petition is granted and the Court orders forthwith release.

The Court declines to address Count One (substantive due process) and Count Three (APA) since the relief sought is granted through Count Two. Accordingly, the Court dismisses Counts One and Three without prejudice.

The Petition also seeks an order enjoining Respondents from re-detaining Petitioner unless her re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community. Dkt. No. 1 at 16. The Court has concluded that Petitioner should be released based on procedural due process because she was not afforded a pre-deprivation hearing. However, on this record there is no legal or factual basis for ordering specific prospective relief beyond release.

## III.   Order

For the foregoing reasons, Count Two of the Petition is granted, and Counts One and Three are dismissed without prejudice.

7

The Court ORDERS Respondents to release Petitioner forthwith.

IT IS SO ORDERED.

DATE: May 15, 2026

_____

Patricia Donahue
United States Magistrate Judge

8